THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
FLETCHER QUILLER

                  Plaintiff,

           -against-

CAPT. DENISE VARONA # 1491,  CO. NIVEA
LOPEZ #15386, CO. VIOLA PUGH # 5907,
CO. STACEY LOCKHART #13520, CO. ROGER
MONTFORD # 17790, and  THE CITY OF NEW YORK,

                  Defendants.
------------------------------------------------------------------------x

                                         **COMPLAINT**

                                   **JURY TRIAL DEMANDED**

    Plaintiff Fletcher Quiller, through his attorneys, Ofodile & Associates, P.C., complaining of the defendants Fwd. Capt. Denise Varona  # 1491, Co. Nivea Lopez # 15386, Co. Viola Pugh #5907, Co. Stacey Lockhart #13520, Co. Roger Montford #17790, and the City of New York alleges as follows:

## NATURE OF ACTION

    1.    This is an action to redress assault and battery, causing grievous bodily harm, and use of excessive force by the corrections officers in violation of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

    2.    This is an action to redress the pain and suffering and psychological injuries sustained by the plaintiff as a result of the intentional, malicious and reckless acts of the City of New York and its Correctional Officers.

**JURISDICTION AND VENUE**

3.  Jurisdiction is specifically conferred on the United States District Court by 28. U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of law, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

4.  Venue is proper in the Southern District of New York because the events complained of occurred in the County of Bronx, which is in the Southern District of New York.

**PARTIES**

5.  At all times relevant and material to this case, Plaintiff was incarcerated at the Bronx Central Booking, within the jurisdiction of this Court.

6.  At all times relevant and material to this court, Defendants Capt. Denis Varona # 1491, Co. Nivea Lopez #15386, Co. Viola Pugh # 5907, Co. Stacey Lockhart #13520, Co. Roger Montford # 17790, were employees of the Bronx Central Bookings, a Correctional Facility owned and operated by the City of New York

7.  At all times relevant and material to this case, Defendants, The City Of New York was and is still a municipal corporation incorporated under the laws of the State of New York and was the employer of the individual Defendants and is liable under the common law agency and/or respondent superior rule of the actions of the individual Defendants complained therein.

**STATEMENTS OF FACTS**

8.  Defendants acting under color of state law, engaged in actions depriving Plaintiff of his constitutional rights not to be subjected to the use of exercise force, causing him physical,

emotional, and psychological injuries. Defendants also falsely arrested Plaintiff by falsely claiming that he assaulted them.

9.      On May 1, 2013, Plaintiff had just returned from his visit to the North Central Bronx Hospital, where he had gone to because of the chest pain that he was having.

10.     Upon his return to Bronx Central Booking, Plaintiff was checked and cleared to return to cell. Plaintiff returned to his cell which was located on the second floor.

11.     Plaintiff had some sleep. When he woke up from the sleep and needed to make a call, he went to the front of the building where the phone was located, saw Defendant C.O. Nivea Lopez and told her that he needed to make use of the phone. Plaintiff also admired her beauty by telling her that she was beautiful.

12.     Defendant Nivea Lopez did not take Plaintiffs comment to be a compliment, but instead, she felt offended and disrespected and began to yell at him.

13.     Defendant's response to Plaintiff's complements surprised Plaintiff as he was only complementing her. Plaintiff cursed out at the defendant, told her to "suck my dick" as he did not understand why a mere complement could have so annoyed the defendant.

14.     Plaintiff went back to his seat, and few minutes afterwards, a female Captain appeared at the front of cell and demanded to know who said, "suck my dick."

15.     Plaintiff admitted that he said so, and the captain said, 'we suck dick in a special way around here', and yelled out at the plaintiff, "come with me."

16.     Plaintiff obliged and followed her. The defendant captain took the plaintiff to a corner where there were about 8-10 other officers.

17.     All the officers began to punch and kick the plaintiff until he fell and hit the ground. The

officers punched Plaintiff's face, kicked his ribs and head. Plaintiff even cried out to them that his ribs were broken, hoping that they would stop, but instead, they increased their beating and abuse.

18. The officers beat the plaintiff until they got tired of beating him. At this point the plaintiff managed to get on his feet and ran to the center of the room. One of the officers that beat the plaintiff came to him and instructed him to go down the stairs.

19. Plaintiff initially did not want to go down the stairs, but afterwards ran past this officer uncuffed. The defendant officer put him in a cell and locked the cell door. After he locked the door, he changed from his uniform to a tee shirt and began to punch and kick the plaintiff again until he fell on the ground .

20. When the officer saw that the plaintiff was not fighting him back, he stopped and asked Plaintiff why he was not fighting him back. Plaintiff told him that he was not going to fight him back, that he has a lawyer instead. The officer replied and told him to sue him, that he had been sued before.

21. At this time, C.O. Lopez came to Plaintiff, who was still locked in the cell and began to pepper spray into the cell where Plaintiff was locked up in order to contaminate the air.

22. Plaintiff felt so abused like an animal locked up in a cage. At this time, another captain rushed to the plaintiff and helped him out of the locked cell, took him to another building that was not controlled by the Dept. of Corrections but by the NYPD for protection.

23. Plaintiff was interviewed by a gentleman from the Department of Corrections and shortly after and afterwards appeared with his lawyer before a judge.

24. Plaintiff was taken to Lincoln Hospital where he received treatment for severe pain,

swelling and bruising to the face, ribs, chest and back that continued for several months, and still reoccurs from time to time.

25. As a result of Defendants' direct actions, Plaintiff suffered and still suffers physically, emotionally, and psychologically, sustained injuries, swelling and bruising to his face, ribs, chest and back .

26. Defendants later arrested Plaintiff and charged him with assault on the officers because although Plaintiff was the person assaulted and he was assaulted because he complemented Officer Lopez and also stated in sum and substance "suck my dick" as a result of Ms Lopez's abusive reaction to the complement in violation of his First Amendment Rights.

## AS TO THE FIRST CAUSE OF ACTION

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28. Defendants subjected Plaintiff to excessive force during his arrest on May 1, 2013, when they kicked him, punched him, knocked him to the ground and sprayed him with pepper spray while inside a locked cell in violation of his rights not to be subjected to excessive force under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

## AS TO THE SECOND CAUSE OF ACTION

29. Plaintiff repeats and realleges paragraphs 1 through 28 as if each paragraph is repeated verbatim herein.

30. Defendants falsely arrested and charged Plaintiff with assault in violation of his 4th Amendment rights not to be arrested without probable cause because he expressed his First Amendment right of freedom of expression.

## AS TO THE THIRD CAUSE OF ACTION

31.     Plaintiff repeats and realleges paragraphs 1 through 30 as if each paragraph is repeated verbatim herein.

32.     Defendants retaliated against Plaintiff for his exercise of his First Amendment rights of freedom of expression by arresting him, after assaulting him, to conceal their abuse of power and are liable to Plaintiff under 42. U.S.C., section 1983.

## AS TO THE FOURTH CAUSE OF ACTION

33.     Plaintiff repeats and realleges paragraphs 1 through 32 as if each paragraph is repeated verbatim herein.

34.     Defendants denied Plaintiff the right to a fair trial by alleging that he grabbed Officer Nivea's buttocks and that he assault Captain Varona in violation of his 4, 5th and 6th Amendment rights not to be denied the right to a fair trial.

## AS FOR A FIFTH CAUSE OF ACTION

35.     Plaintiff repeats and realleges paragraphs 1 through 36 as if each paragraph is repeated verbatim herein.

36.     The violations of Plaintiff's constitutional rights and of Federal Law as herein enumerated by Defendants Police Officers and each of them, were carried out under the following policies, customs, and practices of Defendant City of New York:

  i. Failure to establish, publish, and instill in New York City Correction Officers the practical meaning of probable cause or reasonable cause for arresting a citizen or charging a citizen with a crime so that officers would not detain, arrest, and/or charge citizens based on their

hunches, inklings, or mere suspicion and without reasonable or probable cause;

      ii.     De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Officers, and encouraging the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later;

      iii.    Failing to take proper corrective and punitive actions against excessive use of force by Correction Officers even in spite of a known policy of Officers overreaching and creating the impression that Correction Officers could assault detainees, charge them with crimes they had not committed and get away with it.

37.    Under 42 U.S.C. § 1983, Defendant City of New York is jointly and severally liable with Defendants Police Officers and each of them for the general and specific damages Plaintiff sustained, as well as for the attorneys' fees and the costs and disbursements of the action for the damages Plaintiff sustained as a result of the City's policies detailed in ¶ 39 above..

**WHEREFORE**, Plaintiff prays the Court for judgement as follows:

i.    general and compensatory damages in an amount that would adequately compensate Plaintiff for the violation of his rights and for his physical, emotional and mental distress against the defendants, in the amount to be proved at trial and in accordance with proof;

ii.    Punitive damages in an amount sufficient to punish Defendants and deter others like them from repeating such unlawful conduct;

iii.   Specific damages in the amount incurred by Plaintiff in defending criminal charges against him;

iv.   attorneys' fees and the costs and disbursements of this action- against all Defendants,

jointly and severally;

    v.    and for such other relief as this Court finds just and proper.

Dated: Brooklyn, New York 11217
       April 29, 2016

                      OFODILE & ASSOCIATES, P.C.

        By: _____s/b_____
                      Anthony C. Ofodile, Esq.
                      498 Atlantic Avenue
                      Brooklyn, New York 11217
                      Tel.: 7187-852-8300
                      Fax: 718-852-7361
                      ACOfodile@aol.com